IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THERESA IRENE ALVARADO<br>*Complainant,*<br><br>V.<br><br>UNITED STATES OF AMERICA<br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 5:20-cv-1206 _____<br><br>COMPLAINT FOR<br>DECLARATORY REIEF<br>(Fed. R. Civ. P. 57) |

## COMPLAINANT'S ORIGINAL COMPLAINT FOR DECLARATORY RELIEF

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES THERESA IRENE ALVARADO, Complainant in the above-styled and numbered civil action, and files this Original Complaint pursuant to 28 U.S.C. § 2201 for a declaration that the Complainant does not owe any money to the United States of America, or its political subdivision, for any care or treatment related to the automobile collision on December 31, 2018 and that Defendant is not entitled to any portion of the third-party settlement proceeds. In support of this complaint, Plaintiff would respectfully show the Court the following:

## PARTIES

1. Complainant, THERESA IRENE ALVARADO, is an individual who resides in Cotulla, Texas and received medical treatment from healthcare providers in San Antonio, Texas. Medicare and Medicaid made medical payments to the healthcare providers on behalf of Complainant, THERESA IRENE ALVARADO.

2. Defendant, UNITED STATES OF AMERICA, may be served with process by serving the following individuals in the manner prescribed:

   a) John F. Bash, United States Attorney for the Western District of Texas, via certified mail, return receipt requested at 601 N.W. Loop 410, Suite 600, San Antonio, Texas 78216; and

  b)  William P. Barr, United States Attorney General, via certified mail, return receipt requested, at U.S. Department of Justice, 10th and Constitution N.W., Room B-112, Washington, D.C. 20530.

## JURISDICTION AND VENUE

3.  This court has jurisdiction of the subject matter of this action, pursuant to 28 U.S.C. § 1346, because it arises out of the laws of the United States and the United States is a Defendant. This dispute concerns the validity and enforceability of a lien asserted by the United States pursuant to the Medical Care Recovery Act, 42 U.S.C. § 2651.

4.  Venue is proper in the United States District Court, Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1391 because the events and occurrences giving rise to this claim arose in this District.

## FACTS

5.  On December 31, 2018, Complainant, THERESA IRENE ALVARADO, sustained serious personal injuries in a motor vehicle collision with a third-party. Complainant received medical treatment from healthcare providers in San Antonio, Texas for her collision related injuries and the amount of the lien asserted by the United States of America is believed to be $121,085.45. Subsequently, the tortfeasors tendered their policy limits of $30,001.00 for all claims related to the accident.

6.  Given the severity of Complainant's injuries, the Defendant, United States of America, is not entitled to recover any money against the third-party settlement proceeds. However, as a result of Defendant's failure to release its alleged lien, the third-party insurance settlement proceeds cannot be disbursed. Complainant seeks a declaratory judgment so that the third-party settlement funds can be disbursed.

7.  As a practical matter, Complainant filed this suit because Medicare Secondary Payer Debt- Non GHP, Centers for Medical & Medicaid Services—the collection agency for the

federal government—failed to respond the numerous verbal requests. Complainant's account has remained in a state of permanent limbo for several months now. All Complainant is trying to do is resolve the Defendant's lien so that the third-party settlement funds can be disbursed. However, the breakdown in communication between The Medicare Secondary Payer Debt has made amicable resolution of the Defendant's lien impossible.

8. An actual controversy now exists between the parties with respect to the validity and enforceability of lien asserted by the Defendant.

### DECLARATORY JUDGMENT

9. In order to resolve this controversy, Complainant requests that, pursuant to 28 U.S.C. §2201, this court declare the respective rights and duties of the parties in this matter and, in particular, that the court declare that Defendant is not entitled to any portion of the third-party settlement proceeds.

10. A valid case or controversy exists sufficient for this court to declare the rights and remedies of the parties in that the third-party settlement proceeds cannot be disbursed and Complainant cannot receive any settlement funds until the validity and enforceability of Defendant's lien is determined.

11. The Complainant has the requisite standing to request this declaration in that Complainant is suffering a direct and personal injury as a result of the invalid and unenforceable lien asserted by the Defendant against the third-party settlement proceeds.

12. This controversy is ripe for determination at this time because Defendant is currently preventing the third-party settlement proceeds from being disbursed and is currently asserting a lien against the third-party settlement proceeds.

## ATTORNEYS FEES

13. Complainant has retained the firm of Tyler & Peery to represent them in this action and has agreed to pay the firms' reasonable and necessary attorney's fees. An award of reasonable and necessary attorney's fees to the Complainant would be equitable and just.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Complainant respectfully prays that:

1. This court render a declaratory judgment providing that Defendant is not entitled to any portion of the third-party settlement proceeds;

2. Complainant receives costs of suit, including reasonable attorney's fees; and

3. Such other and further relief to which Complainant may be justly entitled.

Respectfully submitted,

TYLER & PEERY
5822 West IH 10
San Antonio, Texas 78201
(210) 340-0900 PHONE
(210) 736-9197 FACSIMILE

_____
DENNIS C. PEERY
State Bar No. 15728750

**ATTORNEYS FOR COMPLAINANT**